### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Subpoena Matter in<br><br>ERIC STEWARD, *et al.*, on behalf of themselves and all others similarly situated, THE ARC OF TEXAS, INC., COALITION OF TEXANS WITH DISABILITIES, INC.,<br><br>    *Plaintiffs*,<br><br>             v.<br><br>GREG ABBOTT, Governor of Texas, CHARLES SMITH, Executive Commissioner of Texas Health and Human Services Commission, JON WEIZENBAUM, Commissioner of the Texas Department of Aging and Disability Services,<br><br>    *Defendants,*<br><hr>THE UNITED STATES OF AMERICA,<br><br>    *Plaintiff-Intervenor*,<br><br>             v.<br><br>THE STATE OF TEXAS,<br><br>    *Defendant*. | Miscellaneous Case No. |

### MOTION TO QUASH SUBPOENA

Pursuant to Federal Rules of Civil Procedure 26 and 45(d)(3), The Centers for Medicare & Medicaid Services ("CMS"), by and through counsel, respectfully moves to quash the State of Texas' Subpoena to Testify at a Deposition in a Civil Action.  Texas' Subpoena, which requires CMS, a non-party, to produce one or more persons with knowledge to testify regarding 86 categories of documents, is unduly burdensome and provides an unreasonable amount of time to

comply.  In support of this Motion, CMS respectfully refers the Court to the attached

Memorandum of Points and Authorities, Exhibits, and Proposed Order.

March 14, 2018                              Respectfully submitted,

                                           JESSIE K. LIU
                                           D.C. Bar 472845
                                           United States Attorney

                                           DANIEL F. VAN HORN
                                           D.C. Bar 924092
                                           Chief, Civil Division

                        By:    Daniel P. Sh

                                           DANIEL P. SCHAEFER
                                           D.C. Bar 996871
                                           Assistant United States Attorney
                                           555 4th Street, N.W.
                                           Washington, D.C. 20530
                                           (202) 252-2531
                                           Daniel.Schaefer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2018, I served the foregoing Motion to Quash by
electronic means, through the Court's CM/ECF system, and upon the parties' counsel by first
class United States mail and email, marked for delivery to:

ROLA DAABOUL
Office of the Attorney General
P.O. Box 12548, Capital Station
Austin, TX 78711
Rola.Daaboul@oag.Texas.Gov

*Counsel for Defendants*

JESSICA POLANSKY
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, PHB
Washington, DC 20530
Jessica.Polansky@usdoj.gov

*Counsel for Plaintiff-Intervenor*

GARTH A. CORBETT
SEAN A. JACKSON
Disability Rights Texas
2222 W. Braker Lane
Austin, TX 78758
gcorbett@disabilityrightstx.org
sjackson@disabilityrightstx.org

YVETTE OSTOLAZA
ROBERT VELEVIS
Sidley Austin LLP
2021 McKinney Avenue Suite 2000
Dallas, Texas 75201
yostolaza@sidley.com
rvelevis@sidley.com

STEVEN J. SCHWARTZ
DEBORAH A. DORFMAN
ELIZABETH F. TONER
SANDRA J. STAUB
Center for Public Representation
22 Green Street
Northampton, MA 01060
SSchwartz@cpr-ma.org
ddorfman@cpr-ma.org
BToner@cpr-ma.org
sstaub@cpr-ma.org

*Counsel for Plaintiffs*

DANIEL P. SCHAEFER

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Subpoena Matter in<br><br>ERIC STEWARD, *et al.*,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>CHARLES SMITH, Executive<br>Commissioner of Texas' Health and<br>Human Services Commission, *et al.*,<br><br>    *Defendants*, | Miscellaneous Case No. |
| THE UNITED STATES OF<br>AMERICA,<br><br>    *Plaintiff-Intervenor*,<br><br>        v.<br><br>THE STATE OF TEXAS,<br><br>    *Defendant*. | |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA

### Introduction

In July 2017, the State of Texas ("Texas"), a defendant in a complex litigation matter that has been pending in the Western District of Texas for eight years, served a subpoena for documents on a non-party, the Centers for Medicare & Medicaid Services ("CMS"), in connection with that litigation. Texas' July 2017 subpoena contained 86 requests for documents. Because the requests were massively overbroad and not at all in proportion to the needs of the case, CMS objected that the subpoena was unduly burdensome, among other grounds. After Texas agreed to modify and substantially narrow the 86 document requests, CMS agreed to

produce documents in response to the as-modified subpoena. CMS has been working diligently over the past eight months to collect, review, and produce documents in response to Texas' July 2017 subpoena. CMS has been producing documents on a rolling basis since last October. CMS has already produced nearly 7,000 pages of records and expects to complete its productions by mid-April. CMS has diverted considerable resources from its core mission to this massive project relating to a litigation in which CMS is not a party. Also, notwithstanding its objections to the original subpoena, CMS made every effort to confer with Texas in good faith in an effort to avoid litigating the subpoena. That process, too, took several months and substantial governmental resources.

Now, less than two weeks before the close of discovery in the underlying litigation, and despite the parties' prior dialogue regarding the document subpoena, Texas evidently seeks to depose CMS agency representatives about the 86 categories of documents in the original July 2017 subpoena. Without advance notice, Texas served this new subpoena ("Texas' Subpoena") on CMS on March 5, 2018. Texas scheduled the CMS deposition for March 16, 2018, in Washington, D.C. Texas' Subpoena should be quashed for two reasons. First, Texas failed to provide CMS a reasonable amount of time to comply. Texas provided CMS only eleven days to identify and prepare witnesses for the equivalent of a Rule 30(b)(6) deposition of a non-party. That is simply not a reasonable amount of time to prepare for an Agency deposition of this magnitude. Second, Texas' Subpoena is unduly burdensome. The 86 deposition topics are excessive and not proportional to the needs of the case. Texas' Subpoena now even seeks to depose CMS witnesses on a number of topics that Texas previously agreed to drop from the original subpoena during the parties' prior meet-and-confer discussions. Moreover, a deposition of CMS is cumulative, duplicative, and unnecessary, in light of the discovery that Texas has

already obtained, or will obtain, from CMS in its document productions in response to the first subpoena. For all of the above reasons, and as further explained below, Texas' Subpoena must be quashed.[1]

<strong><u>Background</u></strong>

**A.      The Underlying Litigation in the Western District of Texas**

The individual plaintiffs in the underlying litigation, *Steward v. Smith*, Civ. A. No. 10-1025 (W.D. Tex.) (filed Dec. 20, 2010) ("Plaintiffs"), are adult persons with developmental disabilities who live in nursing facilities. Plaintiffs allege that they are able to and would prefer to reside in more integrated community-based placements. *See* 2nd Am. Compl. ¶ 1, July 19, 2013 (ECF No. 173).[2] Plaintiffs allege that Texas unnecessarily institutionalizes individuals with developmental disabilities in nursing homes, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"). *Id.* ¶ 3. Plaintiffs further allege that Texas fails to administer its Preadmission Screening and Resident Review ("PASRR") program in compliance with the Nursing Home Reform Act. *Id.* ¶¶ 84–89.[3] Texas allegedly violates PASRR because the State fails to properly evaluate individuals with developmental disabilities prior to nursing facility admission to determine whether they are appropriate for nursing facility placement, whether their needs could be met in the community, and whether they need

---

[1] CMS is also filing concurrently with the instant Motion the following procedural motions: (1) a Motion to Transfer this Subpoena Matter to the U.S. District Court for the Western District of Texas; and (2) a Motion to Stay Compliance with the Subpoena.

[2] The ECF docket numbers used herein refer to filings made on the U.S. District Court Civil Docket for the *Steward* litigation in the Western District of Texas.

[3] PASRR requirements for nursing facilities receiving Medicaid dollars are enforced by the Secretary of Health and Human Services ("HHS"), 42 U.S.C. § 1396r(f)(1), acting through the CMS.

specialized services while in the nursing facility to best support their developmental disabilities. *Id.* ¶¶ 75–113.

The Civil Rights Division of the United States Department of Justice intervened in the case and filed a separate complaint against Texas in September 2012 alleging that Texas discriminates against individuals with developmental disabilities in violation of the ADA and the Rehabilitation Act. *See* Intervenor Compl., Sep. 20, 2012 (ECF No. 137).

The U.S. District Court presiding over the *Steward* litigation in the Western District of Texas (the "Texas Court") denied Defendants' motion to dismiss on May 17, 2016 (ECF No. 286). The Texas Court also certified a class on May 20, 2016 (ECF No. 287). Fact discovery, which commenced in March 2017, is set to close on March 16, 2018. *See* Order at 2, Nov. 15, 2017 (ECF No. 382).

**B.     Texas' Subpoenas to Non-Party CMS for Documents and Testimony**

In connection with the *Steward* litigation, Texas served a Rule 45 subpoena on non-party CMS to produce documents on July 21, 2017. *See* Texas' Subpoena to Produce Documents, July 21, 2017 (Ex. 1). Texas' July 2017 subpoena contained 86 requests for documents "for the period between January 1, 2011, and the time of trial." *Id.*, Attach. A, Requests, at 4. Texas' document subpoena was unduly burdensome and massively overbroad. Notably, the requests sought CMS materials relating not only to Texas's PASRR programs but to those of all 50 States. *See, e.g., id.*, Req. No. 17 ("All Materials relating to CMS's analysis of a State's PASRR program."). Texas also sought materials relating to CMS's analysis of any State's Waiver Program, which is entirely distinct from a State's PASRR program. *See id.*, Req. Nos. 7, 18. Other requests sought documents related to the PASRR Technical Assistance Center ("PTAC"), a CMS contractor that provides technical support to states to help them comply with PASRR regulations. *See id.*

4

CMS objected to Texas' document subpoena as unduly burdensome and overbroad, and on other grounds. *See* Ltr. to N. Marion, Aug. 21, 2017 (Ex. 2); Ltr. to N. Marion, Sep. 13, 2017 (Ex. 3). CMS requested that Texas modify its subpoena by narrowing the scope of the requests. *Id.* After the parties' counsel engaged in a series of meet-and-confer discussions, Texas agreed to modify the document subpoena by substantially narrowing the scope of the requests. *See* Email from R. Daaboul to B. Kaiser, et al., Sep. 19, 2017 (Ex. 4) (HHS's clarifications to the September 19 email embedded in bold and italic font).

CMS issued two interim productions in October 2017 totaling 1,590 pages. *See* Exs. 5, 6 (first and second production letters). The parties subsequently agreed that Texas would seek to extend the terms of an existing protective order to cover confidential CMS documents. The Texas Court entered the amended protective order on March 5, 2018. *See* 2nd Supp. Prot. Or., Mar. 5, 2018 (ECF No. 413). On March 8, 2018, CMS issued a third production of materials subject to the Protective Order. *See* Ex. 7 (third production letter). The third production increased the total number of pages produced to Texas to roughly 6,931 pages. CMS expects to complete its document production in response to Texas' first subpoena by April 16, 2018.

On March 7, 2018, Texas served CMS with an additional subpoena to take the deposition of CMS agency representatives in Washington, D.C., on March 16, 2018 ("Texas' Subpoena") (Ex. 8). Texas' Subpoena sought to compel CMS to produce witnesses who could testify concerning the 86 categories of documents specified in the original subpoena for documents. *Id.* Texas' Subpoena did not reflect any of the narrowing negotiated by the parties.[4] CMS moves to

---

[4] The instant Motion addresses only the subpoena to take the deposition of CMS in Washington, D.C., on March 16, 2018. Texas also apparently intends to take the depositions of two CMS employees in Dallas, Texas, on March 15, 2018. The Northern District of Texas is the district where compliance is required for the subpoenas directed to the individual CMS employees in Dallas.

quash Texas' Subpoena because it is unduly burdensome, fails to provide CMS a reasonable amount of time to prepare, and seeks production of privileged materials.

### Legal Standards

This Court applies the standards of Federal Rule of Civil Procedure ("Rule") 45 to resolve disputes over subpoenas issued to third-party federal agencies and agency employees in federal civil suits. *Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007) ("[A] challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed and be treated . . . as a Rule 45 motion to compel (or an agency's Rule 45 motion to quash)."). Rule 45 provides that on a timely motion a court "must quash or modify a subpoena that . . . (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Rule 45(d)(3)(A)(i), (iii), (iv).

"The Rule 45 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties." *Watts*, 482 F.3d at 509. "The text of Rule 45 makes quite clear that parties and attorneys who issue subpoenas have an affirmative duty to prevent undue burden or expense to the persons subject to the subpoena." *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012).

In addition, the Court must limit discovery that is not "proportional to the needs of the case." Rule 26(b)(1)-(2). Rule 26(b)(1) contains a list of factors for evaluating proportionality: the importance of the issues at stake in the action; the amount in controversy; the parties' relative access to relevant information; the parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Court may also consider other factors potentially relevant to the question of undue burden, including: whether the discovery is unreasonably cumulative or duplicative; [and]

whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Watts*, 482 F.3d at 509.

"Discovery under Rules 26 and 45 must properly accommodate 'the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations.'" *Watts*, 482 F.3d at 509 (quoting *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)); *see also Davis Enters. v. EPA*, 877 F.2d 1181, 1187 (3d Cir. 1989) (agency had "legitimate concern with the potential cumulative effect" and "proliferation of testimony by its employees" that compliance with individual subpoena would entail").

**Argument**

**I.     Texas' Subpoenas Subject CMS to Undue Burden**

Rule 45 requires that the Court must quash or modify any subpoena which imposes an undue burden.  Rule 45(d)(3)(A)(iv).  Texas' deposition subpoena to non-party CMS is akin to a Rule 30(b)(6) deposition notice.  The subpoena notices the deposition of a governmental agency, requires the agency identify and prepare one or more agency representatives, and specifies in advance the areas of inquiry.

Here, Texas' Subpoena imposes an undue burden on the limited resources of CMS. *See Watts*, 482 F.3d at 509 (recognizing the government's "interest in not being used as a speakers' bureau for private litigants").  In addition, the 86 topic areas in Texas' Subpoena are unreasonably cumulative and duplicative of the identical document requests that Texas served on CMS in its first document subpoena. *See id.* (in assessing undue burden, court may consider whether the discovery is cumulative or duplicative, and whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive).

7

Texas' Subpoena requires CMS to produce one or more witnesses who can testify regarding 86 categories of documents (e.g., No. 9, "all Materials relating to conversations or correspondence CMS had with States, including but not limited to Texas, regarding [Preadmission Screening and Resident Review]."). The 86 categories of documents in the deposition subpoena (or so-called "topic areas") are the very same as those found in the original document subpoena. Thus, the discovery sought in Texas' Subpoena is entirely duplicative of the discovery that Texas will obtain in response to its document subpoena.

The first subpoena for documents that Texas served on CMS in July 2017 contained an identical list of 86 document requests. CMS objected to the document subpoena as unduly burdensome and altogether excessive. *See* Aug. 21, 2017, Letter (Ex. 2). CMS further objected that the subpoena sought documents already in Texas' possession or in the public domain, or which were privileged. *Id.* In response to CMS's objections, and following a teleconference between the parties' counsel on September 19, 2017, Texas agreed to substantially narrow the scope of the document subpoena. *See* Email from R. Daaboul, Sep. 19, 2017 (Ex. 4). Subject to its objections, CMS agreed to provide responsive documents for a number of the requests. CMS has been making rolling releases since October 2017. To date, CMS has issued a series of rolling productions that already total nearly 7,000 pages of material.

Texas' July 21, 2017, document subpoena imposed a significant burden upon CMS. The Center for Medicaid and Chip Services at CMS, the Agency's Freedom of Information Act Group, and the CMS Dallas regional office have all devoted resources to the document collection and review effort. The document subpoena sought documents from the PTAC contractor that are not ordinary deliverables under its contract with CMS, necessitating numerous calls with the contractor and with contracting officers. The most recent production of more than four thousand

8

pages tied up administrative staff in the Office of General Counsel for several days. All of these efforts required CMS to divert significant resources from the core mission of CMS to a litigation in which CMS is not a party. Thus, CMS has already invested significant time and expense in responding to Texas' 86 document requests. The above-described document productions are still ongoing but CMS is expecting to complete its production by April 16, 2018.

Texas is now requesting depositions of CMS in Washington, D.C., and of two CMS employees in Dallas, Texas.[5] As noted above, CMS's document productions are still ongoing. Texas has not yet obtained all of the records that CMS will produce in response to the document subpoena. A review of the existing and future document productions could very well satisfy Texas' discovery needs.

Moreover, because Texas merely copied the document requests from the original subpoena, the deposition subpoena is unlikely to produce any additional discovery not already included in CMS's document productions. Texas' Subpoena even includes the document requests that Texas previously agreed to drop from the original document subpoena in response to CMS's earlier objections during the parties' meet-and-confer discussions late last year. For example, Texas agreed to eliminate twelve (12) requests that sought information that was already available to Texas, such as CMS's formal guidance. *See* Ex. 4. Yet all of these same requests that Texas previously informed CMS were no longer in issue now reappear as "topics" in Texas' Subpoena.

Moreover, Texas continues to impermissibly seek discovery about materials that are within Texas' own possession. For example, among the topics in the Subpoena is a request for

---

[5] As noted above, the instant Motion only addresses Texas' deposition of CMS in this District on March 16, 2018. Should Texas perfect service of the subpoenas seeking testimony from the two individual CMS employees in Dallas, Texas, CMS will seek relief in the district in which compliance is required (i.e., the Northern District of Texas).

testimony concerning "all materials relating to Texas, Texas' PASRR [Preadmission Screening and Resident Review] system and/or any component of Texas' PASRR system." *See* Texas' Subpoena Topic No. 6 (Ex. 8). As CMS noted in its objections to the document subpoena, CMS is not required to produce records in response to a subpoena for records within Texas' possession. Nor should Texas be required to produce a witness to testify regarding Texas' record systems. Texas can obtain that type of information from its own employees. These are just a few examples of the improper requests that comprise Texas' massively overbroad and unduly burdensome Subpoena.

Even if Texas had limited its deposition subpoena to the document requests, as subsequently modified and narrowed by Texas, the requests are still unduly burdensome, cumulative, duplicative, excessive, and completely unnecessary. Texas has already obtained, or will soon obtain, the discovery it seeks from CMS in its productions in response to the identical document subpoena. Permitting depositions of CMS and its employees to proceed would only further drain CMS's limited resources, while providing no discernible benefit to the parties in the *Steward* litigation. *See Watts*, 482 F.3d at 509 (litigant in a civil case should not be permitted to commandeer the limited resources of a federal government agency).

## II.     The Subpoena Failed to Provide CMS with a Reasonable Time to Respond

Rule 45(d)(3)(A)(i) provides that a court on timely motion must quash or modify a subpoena which "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). "Although the rule does not define reasonable time for compliance, 'reasonableness seems to be related to the extent of the materials requested and the other underlying circumstances of the particular case.'" *HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 230 (D.D.C. 2015) (quoting 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.)).

10

Texas' Subpoena failed to provide CMS with a reasonable amount of time to comply. Texas served the Subpoena on CMS on March 5, 2018. Texas scheduled the deposition for the very last day of fact discovery in the *Steward* litigation in Texas—March 16, 2018. Thus, Texas waited until less than two weeks before the close of discovery to dump a massive discovery request on a non-party that had already expended significant time and expense to respond to its document subpoena from last year. CMS has already produced nearly 7,000 pages of documents in response to the first subpoena. CMS cannot reasonably be expected to identify and prepare agency representatives to testify regarding 86 categories of documents comprising 6,931 pages (and counting) in less than two weeks. It would take CMS and its witnesses weeks, if not months, to prepare for such a deposition.[6]

### Conclusion

If ever there was a case in which a subpoena imposed an undue burden and failed to provide a non-party reasonable time to comply, this must be it. CMS respectfully requests that the Court quash the deposition subpoena.

March 14, 2018                    Respectfully submitted,

                                 JESSIE K. LIU
                                 D.C. Bar 472845
                                 United States Attorney

                                 DANIEL F. VAN HORN
                                 D.C. Bar 924092
                                 Chief, Civil Division

---

[6] As CMS noted in its objections to the original document subpoena, numerous requests also sought the production of deliberative materials that are privileged and protected from disclosure. All of these impermissible requests now reappear as "topics" to the CMS deposition. *See* Topic Nos. 2, 17–19, 21, 24, and 25. Defendant also moves to quash the subpoena to the extent that Texas seeks testimony concerning any deliberative materials of the Agency tasked with implementing these programs and enforcing their requirements. *See* Rule 45(d)(iii).

11

By:      _____

DANIEL P. SCHAEFER
D.C. Bar 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Subpoena Matter in<br><br>ERIC STEWARD, *et al.*, on behalf of<br>themselves and all others similarly situated,<br>THE ARC OF TEXAS, INC., COALITION OF<br>TEXANS WITH DISABILITIES, INC.,<br><br>     *Plaintiffs*,<br><br>            v.<br><br>GREG ABBOTT, Governor of Texas,<br>CHARLES SMITH, Executive Commissioner<br>of Texas Health and Human Services<br>Commission, JON WEIZENBAUM,<br>Commissioner of the Texas Department of<br>Aging and Disability Services,<br><br>     *Defendants,* | Miscellaneous Case No. |

| |
|---|
| THE UNITED STATES OF AMERICA,<br><br>     *Plaintiff-Intervenor*,<br><br>            v.<br><br>THE STATE OF TEXAS,<br><br>     *Defendant*. |

## [PROPOSED] ORDER

Upon consideration of Defendant's Motion to Quash, and the entire record herein, it is hereby

     **ORDERED** that Defendant's Motion be and is hereby **GRANTED**; and it is

     **FURTHER ORDERED** that Defendant Texas' Subpoena to non-party The Centers for Medicare & Medicaid Services is quashed.

**SO ORDERED**.

_____
Date

_____
United States District Judge

**Copies to:**

DANIEL P. SCHAEFER
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

_Counsel for The Centers For Medicare &_
_Medicaid Services_

ROLA DAABOUL
Office of the Attorney General
P.O. Box 12548, Capital Station
Austin, TX  78711
Rola.Daaboul@oag.Texas.Gov

_Counsel for Defendants_

JESSICA POLANSKY
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, PHB
Washington, DC 20530
Jessica.Polansky@usdoj.gov

_Counsel for Plaintiff-Intervenor_

GARTH A. CORBETT
SEAN A. JACKSON
Disability Rights Texas
2222 W. Braker Lane
Austin, TX 78758
gcorbett@disabilityrightstx.org
sjackson@disabilityrightstx.org

YVETTE OSTOLAZA
ROBERT VELEVIS
Sidley Austin LLP
2021 McKinney Avenue Suite 2000
Dallas, Texas 75201
yostolaza@sidley.com
rvelevis@sidley.com

STEVEN J. SCHWARTZ
DEBORAH A. DORFMAN
ELIZABETH F. TONER
SANDRA J. STAUB
Center for Public Representation
22 Green Street
Northampton, MA 01060
SSchwartz@cpr-ma.org
ddorfman@cpr-ma.org
BToner@cpr-ma.org
sstaub@cpr-ma.org

_Counsel for Plaintiffs_

14